IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUTH ADAMS, SHARON RIDDICK and ALAN ROSENTHAL, | § § § § § § § § § § § § § § § § § § § | No. 54, 2016 Court Below—Superior Court of the State of Delaware C.A. No. N15C-06-030 |
| Plaintiffs Below, Appellants, | | |
| v. | | |
| ANDREW J. GELMAN, D.O., and ANDREW J. GELMAN, D.O., P.A., | | |
| Defendants Below, Appellees. | | |

Submitted: October 25, 2016
Decided: November 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 10th day of November 2016, it appears to the Court that:

(1)    The plaintiffs below-appellants, Ruth Adams, Sharon Riddick, and Alan Rosenthal ("Plaintiffs") filed a "Complaint for Declaratory and Other Relief" against Andrew J. Gelman, D.O. and Andrew J. Gelman, D.O., P.A., ("Defendants"). This proceeding arises from the Defendant Andrew J. Gelman's performance of "independent medical exams," "defense medical exams" and "medical records reviews" at the request of insurance companies. Each of the Plaintiffs allege that they were victimized by Dr. Gelman's systematic and unethical behavior. The Plaintiffs' Complaint asserted fourteen counts of wrongdoing.

(2)     The Defendants moved to dismiss all fourteen counts based on the defense of absolute witness immunity and, alternatively, on the merits of each count. The Superior Court dismissed all counts of the Complaint. The Superior Court held that the Defendants were immune from suit based on the defense of absolute witness immunity. Alternatively, the Superior Court addressed the merits of each individual claim and held that dismissal was appropriate on all fourteen counts alleged in the Complaint.

(3)     The Plaintiffs filed an appeal with this Court. The only issue from the Complaint presented by the Plaintiffs in their Opening Brief is common law fraud (counts I-III), but none of the other counts. Therefore, the only two issues on appeal are: first, the common law fraud allegations in the Complaint; and, second, the applicability of absolute witness immunity as a defense.

(4)     We have concluded that the Plaintiffs' common law fraud claims were properly dismissed for the reasons stated in the Superior Court's opinion dated January 28, 2016. Accordingly, it is unnecessary to address the Superior Court's alternative holding that the Defendants were immune from suit based on the defense of absolute witness immunity.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

2